Filed 9/27/21  P. v. Davis CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN EDMOND DAVIS,<br><br>    Defendant and Appellant. | B306417<br><br>(Los Angeles County<br>Super. Ct. No. YA026317) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Stephen Edmond Davis, who was convicted of first degree murder with a felony-murder special circumstance finding, appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  He contends the trial court erred in summarily denying his petition without appointing counsel to represent him, issuing an order to show cause, and conducting an evidentiary hearing.  The Attorney General concedes, and we agree, the trial court erred in failing to appoint counsel for Davis.  For the reasons set forth below, we conclude the error was harmless and affirm the order denying the petition for resentencing.

**BACKGROUND**

## I.    The Offense and the Trial[2]

An April 9, 1996 information charged Davis and codefendant John Patrick Winkleman with the murder (§ 187, subd. (a)) and second degree robbery (§ 211) of Willie Yen.  The information also alleged the special circumstance that Davis and Winkleman committed the murder while they were accomplices

---

[1] Further statutory references are to the Penal Code.

[2] We take the facts regarding the circumstances of the charged offenses from this court's opinion in Davis's direct appeal.  (*People v. Davis* (Sept. 24, 1998, B113832 [nonpub. opn.] (*Davis*).)  In his section 1170.95 petition, Davis stated, "he agrees that the Court of Appeal's statement of the evidence [in the opinion in his direct appeal] is generally accurate," although he notes "it was composed without the benefit of the California Supreme Court's opinions in [*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522]."  In the respondent's brief, the Attorney General asked this court to take judicial notice of the opinion in Davis's direct appeal, and we do so.

in the commission of a robbery (§ 190.2, subd. (a)(17)), and that they each personally used a firearm in the commission of the murder and robbery. (§ 12202.5, subd. (a).)

In a nonpublished opinion in Davis's direct appeal from his convictions, this court described the facts of the case as follows:

"Davis and Winkleman (who lived together) planned to rob Willie Yen, a crystal methamphetamine dealer. Davis and Winkleman arranged to meet Yen at a park, then armed themselves and went to the park. Davis and Winkleman both shot at Yen, who died from one gunshot wound that pierced his aorta. Davis and Winkleman were arrested the next day.

"Davis confessed. He told the police he and Winkleman were both involved in the incident, and said that he shot at the back of Yen's car as Yen was fighting with Winkleman and trying to drive off with Winkleman in the car. Davis placed most of the blame on Winkleman. After he confessed, Davis called his girlfriend from the police station (the call was recorded). He told her where to find the two guns that he and Winkleman had discarded and asked her to get his friend, Christian Budnic, to 'get rid of whatever he finds.' The two guns were recovered by the police but the ballistics experts could not determine which one had fired the fatal shot. Yen's pager was found in the room shared by Davis and Winkleman.

"At trial, an eyewitness [Adam Asbury] identified Winkleman as one of the shooters and testified to Winkleman's jury that Winkleman (not Davis) had walked up to Yen's car and fired into the driver's side at Yen. The tape of Davis's confession was played to his jury but not to Winkleman's jury. In defense, Davis blamed Winkleman. Winkleman blamed Budnic. Davis

3

and Winkleman were convicted." (*Davis*, *supra*, B113832, at pp. 2-3.)

The opinion in the direct appeal also states Davis and Winkleman "were convicted of felony murder with robbery special circumstance findings and gun use enhancements found true. In addition, Winkleman was convicted of attempted armed robbery, Davis of robbery. Both men were sentenced to state prison for life without the possibility of parole. Both appeal[ed]." (*Davis*, *supra*, B113832, at p. 2.)

In the direct appeal, Davis and Winkleman contended, among other things, "there was prosecutorial misconduct because the prosecutor argued to Winkleman's jury that Winkleman was the shooter who killed Yen and to Davis's jury that Davis was the shooter who killed Yen." (*Davis*, *supra*, B113832, at p. 3.) In rejecting the contention and affirming the convictions, this court stated in the opinion: "Both arguments were supported by the evidence. The eyewitness account supports the prosecutor's argument that Winkleman was the killer, and Davis's confession supports the argument that he was the killer. The ballistics experts could not say which gun fired the fatal bullet. Evidence may support many truths and, on this record, there is no misconduct in arguing these conflicting theories." (*Ibid.*)

The opinion in the direct appeal also states: "We do not agree with Davis and Winkleman that the prosecutor's theories were mutually exclusive. To Winkleman's jury, the prosecutor argued in favor of a conviction if the jury found Winkleman was the actual killer or if it found he aided and abetted the killer, with the emphasis on the latter rather than the former. To Davis's jury, the prosecutor emphasized Davis's confession but

also argued that Davis could be convicted on an aiding and abetting theory." (*Davis*, *supra*, B113832, at p. 3, fn. 1.)

In connection with his section 1170.95 petition, Davis submitted documents indicating that in August 2018, the Governor commuted Davis's sentence to 25 years to life.

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3), 189, subd. (e).) Senate Bill No. 1437 also added section 1170.95, a statute which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the court to have the murder conviction vacated and to be resentenced, if the person could not be convicted of murder today in light of amendments to sections 188 and 189.

## II.    Davis's Petition for Writ of Habeas Corpus

On February 15, 2019, Davis, as a self-represented litigant, filed a petition for writ of habeas corpus in the trial court, arguing the true finding on the special circumstance must be reversed under *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 because "the evidence does not prove that he was a major participant in the shooting *itself*, and does not prove that he acted with reckless indifference to human life." In the petition for writ of habeas corpus, Davis also referenced the enactment of Senate Bill No. 1437. He attached to the petition, among other things, excerpts from the reporter's transcript of his trial,

5

including parts of the prosecutor's closing arguments to his jury and Winkleman's jury, and portions of the jury instructions.

After the district attorney filed an informal response to the petition for writ of habeas corpus, and Davis filed a reply, the trial court summarily denied the petition for writ of habeas corpus. In an eight-page written order, after discussing *Banks* and *Clark*, the trial court found: "The facts of the case clearly support the conclusion that [Davis] was a major participant in the murder with reckless indifference to human life."

## III. Davis's Section 1170.95 Petition

On April 7, 2020, Davis, representing himself, filed a petition for resentencing under section 1170.95. Therein, he referenced the facts set forth in this court's opinion from his direct appeal, as quoted above. He also asserted: "The particulars of the *Banks* and *Clark* findings are at the heart of petitioner's claim that the special circumstances true finding in this case cannot withstand constitutional scrutiny."

Davis's petition included all information necessary for a facially sufficient petition under section 1170.95, subdivision (b), which the Attorney General concedes. Davis requested appointment of counsel in connection with his section 1170.95 petition.

On April 25, 2020, the trial court summarily denied Davis's section 1170.95 petition, without appointing counsel for him. In its two-page ruling, the court stated, in pertinent part:

"His petition is denied for the same reasons his writ of February 15, 2020 was denied. The facts of the case support the conclusion that [he] was a major participant in the murder. Substantial evidence supports the special circumstance allegation because petitioner was a major participant in the murder

6

exhibiting a reckless indifference to life. Petitioner was at the scene of the murder and in a position to prevent violence, but instead he participated in the robbery and fled the scene of the crime without a single attempt to render aid to the victim. His actions before, during and after the killing were those of a murderer who was clearly invested in the killing. His role in assisting the shooter in the planning and execution of the robbery and murder played a significant role in the victim's death. He admitted to running behind the vehicle in which the victim was seated, firing several rounds at the victim's vehicle."

## DISCUSSION

### I. Pertinent Provisions of Section 1170.95

Under section 1170.95, subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b)(1) of section 1170.95 provides: "The petition shall be filed with the court that sentenced the petitioner

7

and served by the petitioner on the district attorney, or on the agency that prosecuted the petitioner, and on the attorney who represented the petitioner in the trial court or on the public defender of the county where the petitioner was convicted.  If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition.  The petition shall include all of the following:  [¶]  (A)  A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a).  [¶]  (B)  The superior court case number and year of the petitioner's conviction.  [¶]  (C)  Whether the petitioner requests the appointment of counsel."

A trial court that receives a facially sufficient petition for resentencing meeting the requirements of section 1170.95, subdivision (b), must follow these steps, in pertinent part:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."
(§ 1170.95, subd. (c).)

If the trial court issues an order to show cause, "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for

8

resentencing.  If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (§ 1170.95, subd. (d)(3).)

## II.    The Trial Court's Summary Denial of the Section 1170.95 Motion, Without Appointing Counsel for Davis, Was Harmless Error

Davis contends the trial court erred in summarily denying his section 1170.95 petition without appointing counsel to represent him, issuing an order to show cause, and conducting an evidentiary hearing.  The Attorney General concedes, and we agree, the trial court erred in failing to appoint counsel for Davis. In *People v. Lewis* (2021) 11 Cal.5th 952, 960-970 (*Lewis*), the Supreme Court held the trial court must appoint counsel to represent the petitioner in all cases where the petition is facially sufficient.[3]  It is undisputed Davis filed a facially sufficient section 1170.95 petition.

As the parties stated in their supplemental letter briefs, the next step in our inquiry here is to determine if the trial court's error was harmless.  The failure to appoint counsel in a proceeding under section 1170.95 is an error of state statutory law only, and not a violation of a defendant's constitutional rights.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972-973.)  Accordingly,

_____

[3] The Supreme Court issued its opinion in *Lewis* after the parties had filed their appellate briefs in this matter.  We allowed the parties to file supplemental briefs to explain how *Lewis* affects this case, and they did.

9

we review for harmless error under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, which requires a defendant to " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Lewis*, at p. 974.) "More specifically, a [defendant] 'whose [section 1170.95] petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

Davis cannot meet this burden. In order to find the felony-murder special circumstance true under section 190.2, the jury must have found that Davis either was the actual killer, that he was not the actual killer but acted with the intent to kill in aiding, abetting, soliciting, or assisting in the murder, or, at a minimum, that he was a major participant in the felony and acted with reckless indifference to human life.[4] This is the same finding required today for a conviction of felony murder under newly amended section 189. (See § 189, subd. (e).) Therefore, Davis is ineligible for resentencing as a matter of law because he cannot show he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" in Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).)

---

[4] The 1995 murder in this case postdated approval of Proposition 115, which amended section 190.2 to allow for felony-murder special circumstance findings where the defendant was a major participant in the felony and acted with reckless indifference to human life. (See Prop. 115, § 10, as approved by voters, Primary Elec. (June 5, 1990).)

Davis disagrees the true finding on the felony-murder special circumstance prevents him from demonstrating the trial court's error was prejudicial. In his supplemental letter brief, he asserts the "position that the denial [of his section 1170.95 petition] cannot properly be based solely on the jury's verdict because [his murder] conviction is based on a theory that is no longer valid in light of" *Banks*, *supra*, 61 Cal.4th 788 and *People v. Clark*, *supra*, 63 Cal.4th 522.

As we concluded in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted November 18, 2020, S264978, and *People v. Allison* (2020) 55 Cal.App.5th 449, a defendant with a pre-*Banks*/*Clark* felony-murder special circumstance finding is ineligible for resentencing under section 1170.95, and a trial court does not err in summarily denying a defendant's section 1170.95 petition for resentencing on that basis. We need not repeat here the analysis set forth in these three opinions. Suffice it to say, Senate Bill No. 1437 did nothing to alter the requirements for a special circumstance finding, as clarified in *Banks* and *Clark*. (*Galvan*, at p. 1142.)

We stand by our analysis in *Galvan*, *Murillo*, and *Allison* and, on that basis, hold Davis is unable to make a prima facie case for relief under section 1170.95. Because Davis has not shown it is reasonably probable his section 1170.95 petition would not have been summarily denied if he had been appointed counsel, the error in prematurely denying his petition was harmless. (See *Lewis*, *supra*, 11 Cal.5th at p. 974.)

While we conclude a section 1170.95 petition is not the proper vehicle for challenging the validity of a special circumstance finding under *Banks* and *Clark*, this does not leave

11

Davis without a means to make such a challenge. As we noted in *Galvan*, a defendant with a pre-*Banks*/*Clark* special circumstance finding may challenge the sufficiency of the evidence for the special circumstance by means of a habeas corpus petition filed in the appellate court. (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141, review granted; *In re Scoggins* (2020) 9 Cal.5th 667, 673-674.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.